```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 14, 2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
CLIFTON SALVODON                         :
                                          :
                Plaintiff,          :         11 Civ. 2190 (PAC) (KNF)
                                          :
              -against-              :         <u>ORDER ADOPTING R&R</u>
                                          :
THE STATE OF NEW YORK and ALL     :
AGENTS AUTHORIZED TO ACT IN       :
PARTY'S BEHALF, NEW YORK STATE    :
DIVISION OF PAROLE, and            :
NEW YORK STATE DEPARTMENT          :
OF CORRECTIONS,                    :
                                   :
              Defendants.        :
------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

        On March 24, 2011, <u>pro se</u> Plaintiff Clifton Salvodon ("Salvodon") filed this 42 U.S.C. §§ 1983, and 1985 action, against the State of New York and its authorized agents, the New York State Division of Parole, and the New York State Department of Corrections (collectively, "Defendants") claiming constitutional violations in connection with a criminal sentence he received on April 24, 2001. Salvodon alleges that Defendants violated his constitutional rights by (1) administratively imposing an additional three years of post-release supervision ("PRS") after he served his determinate sentence of five years imprisonment; (2) wrongfully sentencing him to two terms of imprisonment based on alleged violations of the PRS; and (3) conspiring "To Carry This Unlawful Act to Full Term."

        On April 7, 2011, the Court referred this case to Magistrate Judge Kevin Nathaniel Fox for general pretrial and dispositive motions. On October 20, 2011, Defendants move to dismiss Salvodon's Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). On March 26, 2012 Magistrate Judge Fox issued a Report and Recommendation ("R&R"), recommending that the Court grant Defendants' motion to dismiss under the doctrines of sovereign immunity and qualified immunity. Written objections to the R&R were due within 14 days pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). No objections were filed and no requests for extensions of time to file objections were received.

1

The Court has reviewed the R&R. For the reasons discussed below, the Court adopts Magistrate Judge Fox's recommendations and grants Defendants' motion to dismiss the Complaint.

## BACKGROUND[1]

Salvodon alleges that on April 24, 2001, the New York State Supreme Court sentenced him on Indictment # 42 49-1999 to a determinate term of five years and an indeterminate term of zero to three years imprisonment, to run concurrently. The sentencing court "did not Order any term of post-release supervision." Upon his release from custody on or about June 18, 2004, he was placed on a three year term of PRS, under the supervision of the New York State Division of Parole. Salvodon contends that this additional restriction on his liberty was cruel and unusual punishment.

On December 30, 2005, Salvodon was sentenced to another term of imprisonment for violation of parole, "until his release on or about 3/24/06." Since he was not sentenced to a term of PRS, Salvodon contends that this additional term of imprisonment was illegal. He alleges that on December 17, 2007, he was sentenced again to another term of ten months for the same violation. Salvodon argues that this violation and sentence were likewise illegal based on the terms of his original sentence. He also asserts that Defendants subjected him to double jeopardy by increasing his sentence illegally after Salvodon completed serving it, and that DOCS and the New York State Division of Parole conspired to violate his rights. He asserts that the New York State Supreme Court terminated his PRS on December 10, 2008.

On October 20, 2011, Defendants filed their motion to dismiss Salvodon's Complaint. Defendants argue that the Department of Correctional Services ("DOCS") and New York State Division of Parole are entitled to claim sovereign immunity under the Eleventh Amendment. Defendants also assert that Salvodon's claims against state officials are barred under the doctrine of qualified immunity, because "[r]easonable officials in defendants' positions would not have known that calculating PRS, as courts, defense counsel, prosecutors . . . and others engaged in the process had done for years, could violate a constitutional right" where "[f]or eight years, the automatic inclusion of PRS was thought legitimate."

---

[1] Facts are taken from the R&R unless otherwise indicated.

Defendants contend that even if due process clearly established that PRS be pronounced at the time of sentencing, their reliance on state law was objectively reasonable. Lastly, Defendants argue that Salvodon fails to allege that any specific individual was personally involved in the alleged constitutional violations.

On March 26, 2012 Magistrate Judge Fox issued an R&R recommending that Defendant's motion to dismiss be granted and that Salvodon's Complaint be dismissed on Eleventh Amendment sovereign immunity grounds, as well as qualified immunity. With respect to Salvodon's double jeopardy claim, Magistrate Judge Fox also found that prior to 2010, it was not clearly established that administratively imposing PRS on an individual who has completed a sentence of imprisonment violated Salvodon's Fifth Amendment right. Lastly, Magistrate Judge Fox found that Salvodon failed to allege sufficient facts to support a claim for conspiracy to violate his civil rights under 42 U.S.C. § 1985.

## DISCUSSION

### A. Standard of Review

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The district court may adopt those portions of the report to which no timely objection has been made, so long as there is no clear error on the face of the record." Feehan v. Feehan, No. 09 Civ. 7016 (DAB), 2001 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011).

### B. Eleventh Amendment Sovereign Immunity

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment bars "federal suits against state governments by a state's own citizens." Woods v Rondout Valley Cent. School, 466 F.3d 232, 236 (2d Cir. 2006) (citation omitted). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves

3

to 'state agents and state instrumentalities' that are, effectively, arms of a state." Id. (quoting Regents of The Univ. of Cal. V. Doe, 519 U.S. 425, 429 (1997)).  In the Second Circuit, a claim of sovereign immunity operates as an affirmative defense.  Id. at 238.

In his Complaint, Salvodon names as defendants "all agents authorized to act in party's behalf," the New York State Division of Parole, and DOCS.  Magistrate Judge Fox correctly concluded that the Eleventh Amendment bars Salvodon's § 1983 claims against arms of the state and any persons authorized to act on behalf of the state who were acting in their official capacities. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989).  Salvodon's claims against the State of New York, the New York State Division of Parole, DOCs, and "all agents authorized to act in party's behalf," who were acting in their official capacities, are therefore dismissed.

    C.  Due Process Claim and Qualified Immunity

Magistrate Judge Fox determined that qualified immunity shielded the state officials against Salvodon's Due Process claims. The qualified immunity doctrine shields officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  A right claimed to be violated "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987) ("[I]n the light of pre-existing law the unlawfulness must be apparent.").

Prior to the Second Circuit's decision in Earley v. Murray, 451 F.3d 71 (2d Cir. 2006), "it was not clearly established for qualified immunity purposes . . . that the administrative imposition of PRS violated the Due Process Clause." Scott v. Fischer, 616 F.3d 100, 107 (2d Cir. 2010).  Magistrate Judge Fox therefore found that the individual officials in this case were entitled to qualified immunity when they imposed a term of PRS on Salvodon in 2004 and a second term of imprisonment from December 30, 2005 to March 24, 2008 for a parole violation.

Magistrate Judge Fox also determined that the individual officials were protected by qualified immunity for sentencing Salvodon in December 2007 to another term of imprisonment for violating parole. In Scott, the Second Circuit noted that the question of "[w]hether Earley itself sufficed clearly to establish the unconstitutionality of administratively imposed PRS . . . may be open" because "two Department of the New York Appellate Division thereafter continued to find the practice constitutional . . ." Scott, 616 F.3d at 107 (citing Garner v. N.Y. State Dep't of Corr. Servs., 39 A.D.3d 1019 (3d Dep't 2007) and People v. Thomas, 35 A.D.3d 192 (1st Dep't 2006). Thus, in light of the "apparent judicial confusion as to the constitutional propriety of a statutory mandate," Scott, 616 F.3d at 107-108, Magistrate Judge Fox correctly found that a reasonable state official could conclude that it was not unconstitutional to impose the PRS administratively on Salvodon in 2007. It was not until 2008 that the New York Court of Appeals held that the administrative imposition of PRS was contrary to law. See Garner v. N.Y. State Dep't of Corr. Servs., 10 N.Y.3d 358 (2008). The individual officials are therefore entitled to qualified immunity, and Salvodon's Due Process claims are therefore dismissed.

D.   Double Jeopardy Qualified Immunity Claims

Magistrate Judge Fox also concluded that Defendants were entitled to qualified immunity on Salvodon's Fifth Amendment Double Jeopardy claims, because it was not clearly established prior to 2010 that the Double Jeopardy Clause prohibits state officials from administratively imposing PRS on a person who has already completed his sentence of imprisonment.

The Double Jeopardy Clause of the Fifth Amendment provides that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V.  In 2010, the New York Court of Appeals held that "the Double Jeopardy Clause prohibits a court from resentencing the defendant to the mandatory term of PRS after the defendant has served the determinate term of imprisonment and has been released from confinement by DOCS." People v. Williams, 14 N.Y.3d 198, 217 (2010). Thus, when Defendants imposed PRS on Salvodon in 2004 and 2007, and further reincarcerated him for alleged violations, it was not clearly established that such actions violated the

5

Double Jeopardy Clause of the Fifth Amendment. Defendants are therefore entitled to qualified immunity.

      E. "Repeated Kidnaps and Illegal Detention" Policy and Conspiracy Claims

To establish municipal liability under Section 1983, a plaintiff must show that the constitutional violation occurred as a result of a policy even though that policy "has not received formal approval through the body's official decisionmaking channels." Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 691 (1978). "In order to maintain an action under Section 1985 [for conspiracy to violate civil rights], a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." Webb v. Goord, 340 F.3d 105, 110 (2d Cir. 2003) (quotation marks and citation omitted).

In his Complaint, Salvodon alleged that "this type of repeated kidnaps and illegal detention are regular policies of the New York [State] and New York City Department of Corrections." He also asserted that "the defendants and their agents acting in concert knowingly with indifference and aforethought did secretly conspire to violate" his rights. Magistrate Judge Fox concluded that these conclusory statements lacked additional allegations to support his claim. See Ashcroft v Iqbal, 556 U.S. 662, 680-81 (2009). For example, Salvodon did not name the New York City Department of Corrections in his complaint, much less when and how it was involved in the alleged conspiracy. Accordingly, Magistrate Judge Fox found that Salvodon failed to state a claim that (a) the Defendants maintained an illegal policy; and (b) conspired to violate his rights.

Having considered Magistrate Judge Fox's Report and Recommendation and finding no clear error in its analysis, the Court grants Defendants' motion to dismiss.

## **CONCLUSION**

For the foregoing reasons, the Court adopts Magistrate Judge Fox's Report and Recommendation in its entirety. Defendants' motion to dismiss is granted. The Clerk of the Court is directed to enter judgment and close this case. Pursuant to 28 U.S.C. § 1915(a), I find that any appeal from this order would not be taken in good faith.

Dated:   New York, New York
        May 14, 2012

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copies mailed to:
Clifton Salvodon
2152 Ralph Ave.
Apt. #433
Brooklyn, NY 11234

7

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Fox's Report and Recommendation in its entirety. Defendants' motion to dismiss is granted. The Clerk of the Court is directed to enter judgment and close this case. Pursuant to 28 U.S.C. § 1915(a), I find that any appeal from this order would not be taken in good faith.

Dated: New York, New York
May 14, 2012

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

Copies mailed to:
Clifton Salvodon
2152 Ralph Ave.
Apt. #433
Brooklyn, NY 11234